• 'Judge Buckner,
delivered the opinion of the court.
Levi Outten, filed his bill in chancery, to foreclose Grinstead’s equity of redemption in a slave, for which he had executed a mortgage to him, on the28th of Dec. 1815.
Grinstead answered, resisting the relief sought, defending himself upon the ground of usury, which he alleges, was embraced by the mortgage, and upon the ground that when he executed the mortgage, he was deceived by Thomas Outten, and made to believe that it was only a note for the amount then claimed to be due. He alleges that he made no contract with Levi Outten, but owed Thomas Outten the amount of a note of $250 and interest, executed by him, to one Wiseman, and by him assigned to said Thomas; and that the paper which at the time of its execution, he supposed to be a note, but which was in reality a mortgage, was executed to secure that debt, and the usuri•ous and compound interest which had been added to it. He made his answer a cross bill against the complainant and said Thomas. Levi Outten answered very evasively. He does not pretend to insist, that he had by contract with Thomas, become the owner of the demand against Grinstead; but says that he knows nothing about the interest charged by Thomas Outten, and believes the whole transaction to have been fair and well understood by Grinstead. He makes no response to the statements as to the foundation of the mortgage, •and acknowledges that he never had any dealings with Grinstead, except through the agency of his son Thomas Outten.
*609 Thomas Outten by his answer, denies that any fraud ;was practised in obtaining the mortgage. He admits 'that he purchased from Wiseman a note on Grinstead, '•and leaves it to be inferred, but does not expressly admit, that the debt secured by that note was the foundation of the mortgage.
With respect to the charge, as to the usurious interest, he evades it, by saying that he cannot recollect the size of the note, nor the rate of discount at which he purchasfed-it. An exception to this answer having been sustained, he again answered, acknowledging the charge, as to illegal and usurious interest. Levi Outten died, and the suit was irregularly revived in the names of L. ShoWard andNicholas Hadington, as his administrators.
Upon a hearing of the cause, the circuit court decreed a dismission of the complainant’s bill with costs. To reverse this decree, Outtén’s representatives prosecute this writ of error, insisting that the cause was irregularly and prematurely heard, not having been properly revived; and that it was erroneously decided on its merits.
The last objection cannot be supported. That a considerhble portion of the sum, to secure the páyment of which, the mortgage was executed, was ursurious interest, cannot from the bill and answers, and the jiroof in the cause, be doubted. The fact is expressly charged by Grinstead, and is acknowledged by Thomas Oiitten. This answer, it has been urged, is not evidence against the plaintiffs in error; but the charge was not denied by Levi Outten; and his answer strongly implies the conviction, that he had no interest in, the debt; and that Thomas Outten, the only man really interested in the matter, had used his father’s name in the mortgagé, •as affording him a better opportunity of defrauding Grinstead.
The defence of the defendant in error has hot beeh presented in as clear a manner as it might have been; for although it satisfactorily appears, that the mortgage contains usurious interest, at a most exorbitant rate, the amount cannot, from the record, be accurately ascertained.
Strong indication of fraud the mortgagee in obtaining the mortgage; k?r vrfna not" interfere to foreclose e'uU^aofIre demotion.
Hoggin,, for plainti/Is; Chinny for defendants.
But the claim of Outten is not only stained with usury, but is exhibited under an aspect too strongly of fraud, as to the manner in which it was obtained, to justify the interference of the chancellor" jn pig favor. As to the other point, it is true, that the suit was revived previous to the service of process, issued on the bill of revivor, but it is a matter of which the plaintiffs in error have no right to complain, as the order of revival was entered upon their motion. If Grinstead si. satisfied with it, surely they must not he peí mitted to take advantage of an error, committed for their ben- and at their instance. The cause seems to have been very irregularly conducted; but we believe that the decree is warranted by the facts exhibited by the record.
The decree -of the .circuit court must be affirmed -with costs.